UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-405 |
| | ) | |
| MIKOLAJEWSKI & ASSOCIATES | ) | |
| and SOUTH BEND POLICE DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiff Richard Johnson, proceeding *pro se*, alleges that he was fired by his employer, Defendant Mikolajewski & Associates, after he complained about failing to receive his proper overtime payment. Johnson claims that Mikolajewski & Associates violated Section 15(a)(3) of the 1938 Fair Labor Standards Act, which prohibits retaliation against employees for asserting their rights under the FLSA. He also claims that the South Bend Police Department committed an "act of intimidation" by being a "willing accessary to the retaliation." [DE 1 at 6.] Johnson alleges that while he was being fired the police were summoned "as a personal favor" for the owner of Mikolajewski & Associates and "a gun was held" in Johnson's face. [*Id.* at 2.] South Bend Police Department now seeks summary judgment. [DE 89.] For the reasons stated below, its Motion is granted.

## BACKGROUND

Johnson was at the at the Old Dominion Trucking Company at 215 S. Olive Street in South Bend at approximately 6:00 p.m. on January 10, 2009. [DE 1-7 at 1.] Johnson answered a knock at the door and was confronted by Eugene Mikolajewski (the owner of Mikolajewski & Associates) and six South Bend police officers. [*Id.*] Johnson asked what was going on, but

received no reply; instead, one of the police officers is alleged to have waved or pointed a gun at his face. [*Id.*] About five minutes later Johnson was terminated from his job by Mr. Mikolajewski. [*Id.*] Johnson asserts that the South Bend police officers would not tell him why they were there and that he later discovered there was no record of the police officers having been dispatched to the Olive Street location that night. [*Id.*]

Johnson's deposition testimony elaborates on these allegations. Johnson testified that he found out from a "Lieutenant Andrews" that the police officers were dispatched to the Olive Street address only after Mr. Mikolajewski had called Lt. Andrews on his cell phone. [DE 90-3 at 2.] Johnson stated in his deposition that he was unaware which officer pointed the gun. [*Id.* at 3.] Johnson also stated that the manner in which the police officers parked their vehicles at the Olive Street address made it difficult for him to leave the premises. [*Id.*] Johnson was not arrested during this incident.

## DISCUSSION

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248.

Johnson's Complaint does not state what constitutional rights the South Bend Police allegedly violated, but in his deposition he stated that his claims were brought pursuant to the Fourth and Fourteenth Amendments [DE 90-3 at 4], which renders this a Section 1983 action. 42 U.S.C. § 1983. However, because Johnson sued only the South Bend Police Department and did not name any individual police officers in their individual capacities, he must provide some evidence that would provide for municipal liability against South Bend. Even reading his Complaint as broadly as possible, Johnson has not cleared this hurdle.

As a municipality, the South Bend Police Department cannot be held liable under a *respondeat superior* theory for constitutional violations committed by its employees. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *See also Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (citing *Monell*). Instead, a village or other municipality may be found liable under Section 1983 when it violates constitutional rights via an official policy or custom.[1] *Id.* To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused "by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Id.* (quoting *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001)).

While Johnson's experience of having a gun waved in his face by one of the police officers was no doubt harrowing, he has not submitted any evidence that would indicate that his civil rights were violated via an official policy or custom. The unidentified officers who arrived

---

[1] Municipalities can also be found liable for conspiracy, but Johnson makes no allegation that a conspiracy occurred here. *See Wragg*, 604 F.3d at 467.

at the Olive Street address were not policymakers, or at least Johnson makes no such assertion. Indeed, for this action to implicate a South Bend Police Department policymaker, Johnson would have to allege that his rights were violated by the chief of police. *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (under Indiana law, a police chief is the final policy maker for his municipal police department).

What's more, it's not at all clear that the officer's actions of un-holstering their guns or responding to calls that did not come from the central dispatch are even violations of the Constitution. And even if they are constitutional violations, they are not violations being committed by the South Bend Police Department as a monolith. On the record before me, the action taken against Johnson by the individual officers was a one-time, isolated incident. There is certainly no evidence to the contrary. And "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Finally, to the extent that Johnson's Complaint could be read to be alleging "failure to train" as a cause of his alleged constitutional deprivation, Johnson has not identified any "deliberate indifference on the part of policymakers" that could be "considered a municipal policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).

In sum, there is no genuine issue of material fact regarding Johnson's claims against the South Bend Police Department.

**CONCLUSION**

Defendant South Bend Police Department's Motion for Summary Judgment [DE 89] is **GRANTED.** All other pending motions [DE 81 and 101] are **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: February 10, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT