UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD JOHNSON, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:09-cv-405 |
| MIKOLAJEWSKI & ASSOCIATES, | ) ) | |
| Defendant. | ) ) | |

## OPINION and ORDER

Plaintiff Richard Johnson, proceeding *pro se*, alleges that he was fired by his employer, Defendant Mikolajewski & Associates, after he complained about failing to receive his proper overtime pay. Johnson claims that his termination violated Section 15(a)(3) of the 1938 Fair Labor Standards Act ("FLSA"), which prohibits retaliation against employees for asserting their rights under the FLSA. Mikolajewski & Associates now seeks summary judgment. [DE 121.] For the reasons stated below, its motion for summary judgment will be denied.

## BACKGROUND

Johnson's *pro se* Complaint is somewhat difficult to interpret, but his central claim is easy to decipher. Johnson was employed by Mikolajewski & Associates, apparently as a security officer. Johnson alleges that he complained to Eugene Mikolajewski (the owner of Mikolajewski & Associates) "on many occasions" that he "wanted to be paid for [his] overtime pay." [DE 1 at 1.] Johnson alleges Mikolajewski told him that if Johnson "continue[d] to complain about the overtime issue that he would fire me and he did just that." [*Id.*] Johnson was fired in January of 2009. Johnson's core legal claim is thus brought pursuant to Section 15(a)(3) of the FLSA, which prohibits employers from discharging "any employee because such

employee has filed any complaint" alleging a violation of the FLSA. 29 U.S.C. § 215(a)(3).

Mikolajewski & Associates moved for summary judgment on May 26, 2011. [DE 121] Johnson responded to the motion on June 24, 2011 in a document titled "Affidavit Against the Support for Motion for a Summary Judgment." [DE 128.] On July 29, 2011, Mikolajewski & Associates filed both its reply in support of its motion for summary judgment [DE 130] as well as a Rule 12(f) motion to strike Johnson's "Affidavit" [DE 129].

## DISCUSSION

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The "party seeking summary judgment bears an initial burden of proving there is no material question of fact with respect to an essential element of the non-moving party's case." *MMG Financial Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011). If the moving party meets this burden, the non-moving party must submit evidence that there is a genuine issue for trial. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006).

As an initial matter, I can quickly dispense with Mikolajewski & Associates' motion to strike. That motion argues that Johnson's "affidavit" must be stricken because it does not comply with the requirements of Rule 56(c)(4). But "pro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed," *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and while Johnson titled his filing an "*Affidavit* Against the Support for Motion for a Summary Judgment," it is really just his "*Response* Against the Support for Motion for a Summary Judgment." I will thus construe Johnson's "Affidavit" as a response brief, which of course are not subject to the requirements of Rule 56(c)(4), and deny

2

Mikolajewski & Associates' motion to strike.

That brings us to the motion for summary judgment, which argues that there are three amorphous claims that could potentially be read into Johnson's Complaint: first, a claim for unpaid overtime pay; second, a claim under 8 U.S.C. § 1324, a component of the Immigration and Nationality Act; and third, a claim that Mikolajewski & Associates should be liable for actions of some officers of the South Bend Police Department (a former-but-now-dismissed defendant in this case), who were present when Johnson was fired.

I have two problems with this three-claim framework. First, on my reading of Johnson's Complaint, I don't see any of these three claims. The much bigger problem with the motion, however, is that it has completely missed the one unambiguous claim in Johnson's Complaint: in violation of 29 U.S.C. § 215(a)(3), he was fired in retaliation for complaining about his unpaid overtime. This oversight is perplexing given that Johnson's Complaint specifically states: "This complaint is brought pursuant to . . . [Mikolajewski & Associates] violated the 1938 Fair Labor Act, Section 15(a) paragraph (3)." [DE 1 at 4.] Indeed, Johnson went so far as to attach a highlighted-copy of Section 15(a)(3) of the FLSA to his Complaint [DE 1-4 at 2-3], a level of engagement with the relevant statute not often seen in *pro se* cases.

And yet, even with all this, Mikolajewski & Associates' briefing never addresses the FLSA. The closest Mikolajewski & Associates ever gets to the issue is when it tries to brush aside Johnson's unpaid overtime by arguing that the disputed amount of overtime was settled in an administrative proceeding and that, in any case, because Johnson was an "employee at will, Defendant had the absolute right to discharge him." [DE 126 at 2.] But neither part of this argument makes any sense. First, Johnson's Complaint is not seeking his unpaid overtime;

3

rather, he is seeking damages for being allegedly retaliated against for complaining about his unpaid overtime. Second, the fact that Mikolajewski & Associates can fire its employees at-will does not mean that Mikolajewski & Associates has an "absolute right" to fire its employees at-will. On the contrary, under federal law Mikolajewski & Associates does not have an "absolute right" right to fire at-will employees based on, say, their race, sex, national origin, disability, etc. – just as it doesn't have a right to fire them in retaliation for filing a complaint about unpaid overtime. *See* 29 U.S.C. § 215(a)(3).

Since Mikolajewski & Associates completely failed to address these issues, there remain very real disputes about two material facts in this case: 1) whether Johnson complained to Mikolajewski about being properly paid for his overtime and 2) if so, whether Johnson was fired in retaliation for that complaining. Mikolajewski & Associates oversight on these issues is all the more glaring given the recent ruling in *Kasten v. Saint-Gobain Performance Plastics Corp.*, __ U.S. __, 131 S.Ct. 1325 (U.S. 2011), in which the Supreme Court ruled that "oral complaints . . . fall within the scope of the phrase 'filed any complaint' in" 29 U.S.C. § 215(a)(3). *Id.* at 1336.

Thus, Mikolajewski & Associates has not met its "initial burden of proving there is no material question of fact with respect to an essential element" of Johnson's case. *MMG Financial Corp.*, 630 F.3d at 657. The core allegations in Johnson's Complaint – that he complained about his overtime pay and was fired as a result – remain uncontradicted, and he thus has a perfectly viable FLSA claim to take to trial.

Finally, in his response brief Johnson asks the Court "to overturn" the June 3, 2011 Order entered by the Magistrate Judge in this case. That Order granted Mikolajewski & Associates'

4

"Motion to Restrict Public Access" to the exhibits it had attached to its summary judgment motion, a move Mikolajewski & Associates had to take because it had inexplicably failed to redact copies of Johnson's social security card and driver's license. Johnson is miffed because the June 3, 2011 Order was entered before he had a chance to file a response to the motion. But since the sole purpose of the motion was to protect Johnson's personal information from being publicly accessible, and since the sooner that happened the better, the Magistrate Judge was correct to act as quickly as possible in granting the motion and restricting public access to those documents.

## CONCLUSION

Therefore, given the viability of Johnson's FLSA claim and the unresolved set of facts underpinning that claim, Defendant Mikolajewski & Associates' Motion for Summary Judgment [DE 121] is **DENIED.** Mikolajewski & Associates' Motion to Strike [DE 129] is also **DENIED.**

As previously scheduled, the trial in this case will proceed on Plaintiff's claim that Defendant violated Section 15(a)(3) of the Fair Labor Standards Act on **October 3, 2011 at 09:30 AM (Eastern/South Bend time)** in the **South Bend Division** of the United States District Court for the Northern District of Indiana.

In addition to being filed with the CM/ECF system, a copy of this Order will also be mailed to Plaintiff Richard Johnson at the address on file with this Court.

**SO ORDERED**.

ENTERED: August 1, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT